DLD-334                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2922
_____

IN RE:  ALTON D. BROWN,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-13-cv-00465)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 14, 2014
Before:  SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Opinion filed: August 26, 2014)
_____

OPINION
_____

PER CURIAM

Alton Brown, proceeding pro se and in forma pauperis, seeks a petition for a writ

of mandamus, requesting that we assign a new judge to preside over his pro se civil case

in the United States District Court for the Eastern District of Pennsylvania.[1]  For the

foregoing reasons, we will deny Brown's petition for a writ of mandamus.

---

[1] Brown has filed several recusal motions in the District Court.  His most recent recusal
motion was filed in March 2014, and sought recusal of the District Court Judge, the
Magistrate Judge, and the Clerk of Court under 28 U.S.C. §§ 144 & 455.  The District
Judge denied it as to himself, ruled that he had no power to rule on it as to the Magistrate

Brown primarily alleges that the District Judge is engaged in a conspiracy to have any cases that Brown initiates in the District Court assigned to him. Brown contends that the District Judge's alleged manipulation of case assignments was an abuse of discretion that violated local procedures and the United States Constitution. In particular, Brown asserts that the District Judge violated Local Rule 40.1(b), which describes procedures for the assignment of cases.

In further support of his mandamus petition, Brown details a series of adverse rulings concerning amendment of his complaint and the discovery process. Brown claims that these rulings establish the District Judge's bias against him in particular, and against pro se prisoner litigants generally. Brown also contends that the District Court failed to respond to his "request for clarification" of the District Court's March 25, 2014 order, which provided deadlines for the defendants to file a motion for summary judgment and for Brown to file a response or affidavit detailing additional evidence he needed to oppose the motion for summary judgment.

Mandamus is an extraordinary remedy. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the

Judge under In re Kensington Int'l Ltd., 353 F.3d 211, 223 n.12 (3d Cir. 2003), and concluded that the Clerk of Court was not covered by the recusal statutes.

2

circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quoting Cheney v. United States Dist. Court for D.C., 542 U.S. 367, 380-81 (2004)) (internal quotation marks omitted). Mandamus is not a substitute for appeal. See Cheney, 542 U.S. at 380-81; Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

To the extent that Brown seeks to challenge the District Court's denial of his motion for recusal under 28 U.S.C. § 144, mandamus relief is not available. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-76 (3d Cir. 1992). But we may consider Brown's argument that the District Judge improperly denied his recusal motion under 28 U.S.C. § 455. See In re Kensington Int'l Ltd., 353 F.3d at 219-20; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). To determine whether mandamus relief is appropriate, we review the decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 & n.12 (3d Cir. 2004). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, that judge must recuse under § 455(a). See id. at 301.

The facts in this case do not require that the District Judge or Magistrate Judge recuse.[2] Recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). Brown has provided no evidence in support of his allegation that the District Judge manipulated the

---

[2] To the extent that Brown alleges that the District Court has ignored his claims or filings, we see no undue delay that could be considered a failure to exercise jurisdiction that would require mandamus relief. See Madden, 102 F.3d at 79.

3

random case assignment process, which is his primary basis for recusal. Brown apparently takes issue with the fact that his current case was assigned to the District Judge pursuant to procedures directing assignment of related cases. However, given that Brown had previously filed a pro se civil rights action, see Brown v. Prison Health Services, Inc., No. 2:12-cv-03578 (E.D. Pa., complaint filed June 25, 2012), Rule 40.1(b)(3)(B) of the Local Rules required that the underlying case, also a pro se civil rights action, be assigned to the same District Judge. See also 28 U.S.C. § 137. Moreover, litigants do not have a right to have their case heard by a particular judge, have no right to a particular judge-selection procedure, and do not have a right to a randomly selected judge. United States v. Pearson, 203 F.3d 1243, 1256 (10th Cir. 2000).

Brown's allegation that the District Judge's bias against him and pro se prisoner litigants prevented the District Judge from impartially presiding over his case, particularly in relation to rulings concerning his ability to amend his complaint and the discovery process, is not supported by the record. For example, Brown contends that the District Judge's bias caused him to deny Brown's request for leave to amend his complaint. However, the District Judge did not grant Brown leave to amend because his request came after the completion of limited discovery and near the end of the deadline for him to respond to the defendant's motion for summary judgment. See Fed. R. Civ. P. 15(a); Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003). Given those facts, there is no basis to question the District Judge's impartiality. Additionally, Brown's displeasure with adverse rulings does not form a basis for recusal. See

4

Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Accordingly, Brown's petition for a writ of mandamus is denied.